STATE OF VERMONT v. HIRAM HAYNES.

*Practice. Intoxicating Liquor. Supreme Court.*

Where, in a prosecution for the illegal sale of intoxicating liquor, exceptions are taken by the respondent to the ruling of the county court, if the prosecuting attorney desires to have the sentence more severe because of the fact that the respondent has been previously convicted of a similar offence, he must prove such fact in the county court before the cause passes to the supreme court. Such proof can not be received in the supreme court, even for the purpose of affecting the sentence which such court are about to render, after having overruled the exceptions.

The facts of this case are stated in the opinion of the court.

POLAND, CH. J. The respondent was convicted in the county court of four offences for furnishing intoxicating liquors, upon trial on a complaint in the general form prescribed by the statute.

The case was brought to this court by the respondent, upon

State *v.* Haynes.

certain exceptions taken by him at the trial, and the sentence was respited. The case having been heard here, the exceptions were overruled, and the prosecuting attorney moved for sentence against the respondent, and offered in evidence certified copies of records of two former convictions of the respondent, for offences of the same character, and claimed that this court should sentence him as provided by the statute for a third offence.

To the introduction of these records, the respondent objected, insisting that such evidence could not be received here, but that to enable this court to act upon it, it should have been introduced upon the trial before the jury, or at least in the county court in some form, so as to come up before this court with the record from the court below.

In *State* v. *Freeman*, 27 Vt., it was decided, that the provision of the statute that it should not be necessary to allege a prior conviction in a complaint or indictment for violations of the liquor law, was valid, and that in order to make such former convictions available to procure the increased punishment, provided for the second or third offence, it was not necessary that they should be shown upon the trial of the complaint or indictment, but might, after conviction, be shown to the court, in order to affect the sentence.

It was said by the court in that case that if, upon such record being produced, on motion for sentence, any issue of fact was made, the county court, or this court, might send it to a jury for trial.

With that decision, so far as it holds that it is unnecessary to show the former convictions upon the trial before the jury, we are entirely satisfied. The illegal acts of selling or furnishing charged, are in no way affected by the former conviction, so far as the proof of their commission is concerned, and the validity of the former convictions could not be passed upon, without departing entirely from the issue made by a plea of not guilty to the complaint or indictment.

The former convictions are matters affecting only the sentence, which it is the exclusive duty of the court to pass, and as they must always be proved by the production of the record, their

legal validity to affect the sentence must usually rest mainly with the court.

It is apparent, however, that there might always be at least one question of fact ; that is the identity of the respondent with the person named in the record of the former conviction, which, if the respondent desired, he should be permitted to have tried by a jury, and if that or any other question of fact should arise, the county court could send it to a jury to determine.

It is objected that this should not be done, as thereby the respondent would be really subjected to the expense of two trials for one offence. If this were really to be expected in every case, or in many cases, there would be force in it, but it is hardly supposable, that a case will really arise where an attempt will be made to subject a respondent to the penalty of a second or third conviction, by force of a former conviction of another person.

The right of trial by jury upon such a question is rather fanciful than real, but as such a case may possibly arise, it should be guarded and protected.

The other objection, that this evidence ought to have been introduced in the county court, and all the facts ascertained there, to ascertain what sentence should be imposed, we think is more substantial. In this court, we have no jury to try issues of fact, and though we might send an issue to the county court for trial, that might furnish a necessity for bringing the case again before this court, and thus occasion great delay and expense.

In our opinion the better practice is to require all these matters to be introduced and determined in the court below, and though the court may desire to stay sentence, that need not prevent them from settling everything needful to show what the proper sentence should be, before sending up the case on exceptions.

Another reason why we think the records of former convictions should be presented in the county court, and passed upon there, is this : the respondent is entitled to have the opinion of the county court upon every question of law presented by his case,

and if in his favor, the decision is final, as the state can not except, but if the state are allowed in this court to introduce new evidence, and have this court pass upon it, this right is lost to the respondent.

We are of opinion, therefore, that these records should have been introduced in the county court, and that we ought not to receive them here, but as the counsel for the state might, from what was said in *State* v. *Freeman*, *ubi sup.*, have supposed they would be equally available here, we think the state ought not to be deprived of the benefit of them.

The case is therefore remanded to the county court for sentence, where, if any question of law or fact arises thereon, it can be properly tried.