JOHN WOOD, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

An indictment upon a statute must state all the facts and circumstances which constitute the statutory offence, and upon the trial the proof as well as the allegations must bring the case within the statute.

Under the provisions of the statute imposing an additional punishment upon a second conviction for a felony (2 R. S., 699, § 8) the essential ingredients of the aggravated offence are that the alleged felony was committed after a former conviction of "an offence punishable by imprisonment in a State prison and a discharge of the prisoner either upon being pardoned or upon the expiration of his sentence." The discharge in one of the ways mentioned in the statute is as material and necessary to constitute the offence as the prior conviction. The facts of the imprisoment upon the prior conviction and the manner of the discharge must therefore be alleged and proved. (FOLGER and ANDREWS, JJ., dissenting.)

Mere lapse of time will not authorize the presumption that the accused has been imprisoned and has been discharged in one of the ways specified in the statute, so as to cast upon him the burden of proving that he was not so discharged. (FOLGER and ANDREWS, JJ., dissenting.)

(Argued September 24, 1873; decided October 7, 1873.)

ERROR to the General Term of the Supreme Court in the first judicial department to review judgment affirming a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, entered upon a verdict convicting plaintiff in error of the crime of grand larceny.

The indictment charged a former conviction for grand larceny, a sentence thereon to State prison, and then

alleged that the accused had "been duly discharged and remitted of such judgment and conviction." Upon the trial, proof was given by the prosecution of the former conviction and sentence, but no evidence was given of imprisonment thereunder or of a discharge. At the close of the evidence the prisoner's counsel asked the court to instruct the jury to acquit, on the count of the indictment charging a second offence, upon the ground that the prosecution had failed to show whether the prisoner had been discharged from prison or pardoned or judgment of the previous offence reversed. The court refused so to instruct, holding that it was for the prisoner to show, to which the prisoner's counsel excepted.

*Wm. A. Beach* for the plaintiff in error. Plaintiff in error was only liable, under the charge of a prior conviction, upon averment and proof of his discharge thereon in the ways provided by statute. (2 R. S., 679, § 73; id., 699, § 8; *Stevens* v. *People*, 1 Hill, 261; *People* v. *Gray*, 25 Wend., 465; *Fleming* v. *People*, 27 N. Y., 329.) The accused had a right to demand a precise statement in the indictment of the facts constituting his alleged offence. (1 Bish. on Cr. Pro., §§ 505, 625, 633, 635, 639, and note; *People* v. *Allen*, 5 Den., 76; 3 Greenl. Ev., § 10.) The court erred in receiving evidence of a former conviction. (Arch. Cr. Pldgs., 17th ed., 143, 307, 960.)

*Benj. K. Phelps*, district attorney, for defendants in error. The original minutes of the court, showing the former conviction, were competent, and the best evidence of the facts set forth in them. (*Rex* v. *Newman*, Den. & P., 390; *People* v. *Gray*, 25 Wend., 468; *Trial of Horne Tooke*, 25th St. Trials, 447; *Rex* v. *Perry*, 7 C. & P., 836.) The pleading and proof as to the former conviction were in accordance with well settled practice here and in England. (*Rex* v. *Jones*, 6 Car. & P., 39; *People* v. *Butler*, 3 Cow., 347; *Tuttle* v. *Commonwealth*, 2 Gray, 505; *People* v. *Cook*, 2 Park., 12;

*People* v. *Golden*, 3 id., 330; *Hines* v. *The State*, 26 Ga., 614; *Brooks* v. *Com.*, 2 Rob. Va., 845; *People* v. *Youngs*, 1 Caines, 37; 1 Bish. Cr. L., 2d ed., § 961, *et seq.*)

Allen, J. An essential ingredient of the aggravated offence charged upon the accused was that the alleged felony was committed after a former conviction of an offence punishable by imprisonment in a State prison, and a discharge "either upon being pardoned, or upon the expiration of his sentence," upon such conviction. (2 R. S., 699, § 8.)

The discharge in one of the ways mentioned in the statute is a fact as material and as necessary to be alleged as was the prior conviction. Both enter into and make a part of the offence of which the accused was convicted. The indictment would have been defective, and no conviction could have been had for an offence subjecting the prisoner to the increased punishment imposed by statute upon those convicted of a felony after a prior conviction and a discharge, without an averment not only of a conviction, but of a discharge, either upon pardon or the expiration of the sentence. (*Stevens* v. *People*, 1 Hill, 261.)

It is elementary that an indictment upon a statute must state all the facts and circumstances which constitute the statutory offence, so as to bring the accused perfectly within the provisions of the statute. (*People* v. *Allen*, 5 Denio, 76; Wharton's Am. Cr. Law, § .) The indictment before us does not follow the statute. It merely avers, after a statement of the prior conviction, that the defendant had "been duly discharged and remitted of such judgment and conviction," and afterward committed the offence charged, but no objection was taken to its sufficiency. Whether the discharge was or was not sufficiently alleged, the prosecution was bound to prove every fact material and necessary to be averred and which constitutes a part of the statutory offence. If there was a failure to prove any fact, either the conviction or discharge, the conviction could only properly have been for the lesser offence of simple larceny.

(*Palmer* v. *People*, 5 Hill, 427.) An informal or insuffi-
cient allegation of a material fact will not dispense with
proof of every fact and circumstance essential and material
to constitute the crime charged. Here there was no
attempt to prove even the defective allegation of the
indictment. When the statute describes the offence, the
proof, as well as the allegations of the indictment, must
bring the case within the statute. (Greenl. Ev., § 10.)
The defendant should be brought within all the material
words of the statute, as well by the proof as by the indict-
ment. (2 Leach, 594; *People* v. *Townsend*, 3 Hill, 479; 1
Arch. Crim. Ev. [118, *et seq.*, marginal pages], p. 385, Water-
man's ed., and cases cited in notes.) This is true even when
an offence consists wholly or partly of an omission or a negative.
The proof required by statute was affirmative and not nega-
tive in its character. The fact and manner of discharge was
not peculiarly within the knowledge of the accused, and the
proof of it was as accessible to the prosecution as to the
party charged with the offence. The accused cannot be
called upon to disprove or negative a fact material to the
offence, until the prosecution has given evidence tending to
establish it.

There was no evidence of the time and manner of the dis-
charge of the prisoner from imprisonment under his former
conviction, or that he was ever imprisoned in the State prison
pursuant to his sentence. Mere lapse of time did not author-
ize the presumption that he had been imprisoned and
had been discharged upon the expiration of the term for
which he was sentenced, so as to cast the burden of proof
upon the defendant that he was not discharged either by
pardon or upon the expiration of his sentence. He may have
escaped, or the judgment may have been arrested or reversed,
or he may have been discharged upon *habeas corpus*, and as
there were other means and processes by which he might
have been discharged, or found at liberty, it was error for the
court to assume, in the absence of evidence, that he was dis-
charged upon the expiration of the term of imprisonment,

and therefore liable to conviction for the aggravated offence. In a criminal prosecution nothing is taken by intendment against the accused. The question was distinctly presented at the close of the trial, and the court was requested to instruct the jury that the prisoner should be acquitted of the aggravated offence for want of proof of his discharge from imprisonment either by pardon, or by the expiration of his term, and the request was refused. The learned judge evidently did not have the statute before him, and the request was not in the words of the statute, but the substantive objection was taken by counsel that the prosecution had not brought the case within the statute by proof of the discharge from the prior sentence, and distinctly overruled by the court.

Other objections, forcibly urged in this court by counsel, would, if they had been taken upon the trial and overruled, have deserved serious consideration; but, for the reason assigned, the judgment must be reversed and a new trial granted.

All concur, except FOLGER and ANDREWS, JJ., dissenting.

Judgment reversed.