SIMON P. HUFFSTATER, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Indictment under license law — variance in proof.*

Under an indictment charging a prisoner with selling "strong and spirituous liquors and wines, in quantities less than five gallons at a time * * * without having a license therefor," he cannot be convicted on evidence showing that he had a store-keeper's license, but had made sales of liquors to be drank in his store.

WRIT of error to the Court of Sessions in and for the county of Jefferson.

The defendant was indicted for a violation of the excise law, and was tried and convicted at the Jefferson County Sessions.

The indictment charged him with selling "strong and spirituous liquors and wines, in quantities less than five gallons at a time * * * without having a license therefor, as provided by law," etc. There was no allegation that such sales were made of liquors "to be drank on the premises." The evidence showed that he was a store-keeper, and had a store-keeper's license which authorized him to sell in quantities less than five gallons, but not to be drank on the premises, and that he made various sales of liquor, by the glass, to be drank in his store.

The defendant's counsel insisted and asked the court to rule: 1st. That the indictment was insufficient, in that it should have been under the fourteenth section of the act of 1857, instead of the thirteenth section; and, 2d, that the license proved was an absolute protection to the defendant for any sales proved. These objections were severally overruled by the court, and the defendant's counsel excepted.

*Anson B. Moore*, for the plaintiff in error.

*Watson M. Rogers*, for the defendants in error.

GILBERT, J.:

The gist of the offense of which the plaintiff in error was convicted, consisted not of the act of selling, but of the purpose for which the sale was made. He had a license which authorized him to make the sale, but he was prohibited from making any sale of spirituous liquors to be drank on his premises. There is no averment in the indictment that the plaintiff in error violated that prohibition. It is contended on the part of the people, that the averment of sales without having a license therefor, is sufficient to uphold a conviction for such violation. We cannot assent to that proposition. The selling without a license to sell is a distinct offense from that which a person licensed to sell commits when he sells to be drank on the premises. It is quite as necessary to aver the illegal purpose of the sale in the latter case, as the want of a license in the former. To make out the offense intended by the pleader, it must be proved that the accused not only sold the liquor, but that he sold it to be drank on the premises. Whatever is essential to be proved must be averred. It follows that the plaintiff has been indicted for one offense and convicted of another. We think such a conviction ought not to be sustained. The rule of law upon this subject is elementary, and requires that the defendant be specially brought within all the material words of the statute, and nothing can be taken by intendment. (Whart. Cr. L., 364–380; *Wood* v. *People*, 53 N. Y., 511.)

The conviction must be reversed, and, if the plaintiff in error is

in prison, the statute (2 R. S., 741, § 26) requires that he be absolutely discharged.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Conviction reversed, and prisoner discharged.