R. GROSVENOR WILLIS, PLAINTIFF IN ERROR, v. THE
PEOPLE OF THE STATE OF NEW YORK, DEFENDANT
IN ERROR.

*Obtaining money by false pretences — accused must be shown to have received it.*

Where an indictment alleges that the prisoner did, by certain false represen-
tations, induce a person to deliver to him certain notes and money, a refusal
to charge that a conviction could not be had, if it was found that the prisoner
did not obtain or receive the note or money, or either, is error.
Proof simply that they were received by a third person will not suffice.

WRIT OF ERROR to the Court of Sessions of Erie county, to
review the conviction of the plaintiff in error of obtaining money
by false pretences.

The prisoner was convicted of obtaining a note of $200 and
fifty dollars in cash, of one Cummings.

By a deed, dated on the 9th day of May, 1874, and acknowl-
edged the 11th of the same month, Samuel J. Stewart conveyed to
Abel Cummings a piece of real estate, and the prisoner repre-
sented to Cummings that Stewart then had title thereto, though
he knew, at the time of the representation, that the fact was
otherwise, as he had taken a deed on May 8, 1874, for the same
land from Stewart, and had subsequently, but prior to the date
of the Cummings deed, put it on record. The $200 note, made
by a third party, and the fifty dollars cash, constituted the con-
sideration for the Stewart deed, and both note and money were
handed over to one Larkin by Cummings. The evidence showed
that Stewart did not own the land and could not convey the
same, as the prisoner well knew.

The indictment alleged that R. Grosvenor Willis, on the ninth
day of May, in the year of our Lord, one thousand eight hundred
and seventy-four, at the town of Marilla, in the county aforesaid,
with the intent then and there feloniously to cheat and defraud
Abel Cummings, did then and there feloniously, unlawfully,
knowingly and designedly falsely pretend and represent unto the
said Abel Cummings that one Samuel J. Stewart held and owned

the title to a certain piece of real estate, describing it; that he, the said Samuel J. Stewart, was the owner of the said real estate aforesaid, and that the said Samuel J. Stewart, for the sum of $250, would convey the title, and the said Abel Cummings, then and there believing the said false pretences and representations so made, as aforesaid, by the said R. Grosvenor Willis, and being deceived thereby, was induced, by reason of the false pretences and representations so made as aforesaid, to deliver, and did then and there deliver, to the said R. Grosvenor Willis certain bank notes and bills, and written and printed promises for the payment of money issued by the United States as money, commonly called treasury notes, a further or more particular description of which said bank notes and bills and of which said treasury notes is to the jurors aforesaid unknown, but of the value in the aggregate of fifty dollars, and a certain promissory note for the payment of $200, and of the value of $200, being then and there unpaid and unsatisfied, made and given by one Corcy Shepard to the said Abel Cummings.

The prisoner's counsel further asked the court to charge the jury that the prisoner cannot be convicted under this indictment, in case the promissory note or property, or the whole thereof, was paid to Larkin, even though Cummings was induced to pay the same to Larkin by the false representations of the prisoner, in case the prisoner received no part of the property or money.

The court refused so to charge, and the prisoner's counsel duly excepted.

The prisoner's counsel further asked the court to charge the jury that, in order to convict under this statute, the person indicted must receive the money, property or other valuable thing, or some part thereof.

The court refused so to charge, and the prisoner's counsel duly excepted.

The court thereupon charged the jury as follows : " It seems to be a material point, and I will charge you that if a person makes false and fraudulent representations of a then existing fact, knowing them to be false, that it is not necessary that the person should have received the property."

To this charge the prisoner's counsel duly excepted.

*Thomas Corlett*, for the plaintiff in error.

*R. C. Titus*, district attorney, for the defendant in error.

HARDIN, J. :

The conviction of the prisoner by the jury, of obtaining property by means of false pretences, was upon evidence supporting the averment of false statement, and that it was made with intent to cheat, and there was evidence which would have justified a finding that the prisoner " obtained " for himself, through Larkin, his agent or appointee, the note of $200 and the fifty dollars of cash. But the court refused to charge that a conviction could not take place if it was found that the prisoner did not *obtain* or receive the note or money, or either. To that charge there was an exception. The court charged that it is not necessary that the prisoner should have received the property. This was excepted to by the prisoner. This charge is contrary to the rule laid down in *Reg* v. *Garrett* (1 Dears C. C., 232). That case was so far approved by the case of *The People ex rel. Phelps* v. *General Sessions* (13 Hun, 400) that we should follow it. The opinion of DAVIS, P. J., is to the effect that the parts of the charge already stated are not correct. (See, also, *Wood* v. *People*, 53 N. Y., 511.) The same opinion states reasons for upholding the sufficiency of the indictment before us, as it avers that the prisoner obtained the property described. The evidence in the case points strongly to the guilt of the accused, and possibly the same result would have been reached by the jury, had the instruction asked for been given by the trial judge. The cases quoted require us to hold that the exceptions stated above were well taken, and to reverse the conviction and judgment thereon, and to remit the proceedings to the Court of Sessions of Erie county for a new trial.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Conviction and judgment reversed, and proceedings remitted to the Erie Sessions, with a direction for a new trial.