PEOPLE ex rel. BRETTON v. SCHLETH, Warden.

(Supreme Court, Special Term, Queens County.    May 14, 1910.)

1. INDICTMENT AND INFORMATION (§ 114*)—SUCCESSIVE CONVICTIONS.
   Where it is sought to impose an increased punishment on second offenders, it is essential that the first offense be charged in the indictment and proved.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 301–307; Dec. Dig. § 114.*]

2. CRIMINAL LAW (§ 1211*)—PUNISHMENT—SUCCESSIVE CONVICTIONS.
   A plea of guilty of grand larceny in the second degree authorizes judgment only as for a first offense, not as upon a second conviction.
   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1211.*]

3. INDICTMENT AND INFORMATION (§ 114*)—PUNISHMENT—SUCCESSIVE CONVICTIONS.
   That upon the hearing, after conviction of grand larceny, before sentence, authorized by Code Cr. Proc. § 485a, added by Laws 1909, c. 66, defendant admitted that he had been in prison three terms under as many charges for grand larceny, did not authorize the court to impose sentence under Pen. Law (Consol. Laws, c. 40) § 1942, providing that a person convicted of felony, who has three times before been convicted of felony, may be sentenced to imprisonment for life, where the indictment did not charge the prior convictions.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 301–307; Dec. Dig. § 114.*]

4. HABEAS CORPUS (§ 4*)—GROUNDS—DETENTION UNDER FINAL JUDGMENT.
   Under Code Civ. Proc. § 2032, providing that on the hearing under a writ of habeas corpus a justice may forthwith return the prisoner by final order, if it appears that he is detained by virtue of the final judgment of a competent tribunal, and section 2034 prohibiting the justice from inquiring into the legality or justice of the judgment, where the County Court, having jurisdiction of the relator and of the crime of grand larceny charged against him, erroneously pronounced sentence as upon the fourth conviction of a felony, the relator is not entitled to relief by habeas corpus; his remedy being by appeal.
   [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4; Dec. Dig. § 4.*]

Application by the People, on the relation of Harry S. Bretton, for writ of habeas corpus to Henry C. Schleth, Warden of the Queens County Jail and Sheriff of Queens County. Writ dismissed, and relator remanded to the custody of the warden and sheriff.

Moses A. Sachs, for relator.
Fred. G. De Witt, Dist. Atty., for respondent.

GARRETSON, J. The return to the writ of habeas corpus shows that the relator is in the custody of the respondent by virtue of a judgment of the County Court of Queens county, by which he is sen-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tenced to the state prison for the term of his natural life, upon a conviction on his plea of guilty of grand larceny in the second degree, to an indictment charging him with the crime of grand larceny in the second degree as a second offense. The questions arising hereon relate to the validity of the judgment and the relief to which the relator is entitled, should the judgment be held void or erroneous.

Where it is sought to impose an increased punishment upon second offenders, it is essential that the conviction for the first offense be charged in the indictment and proved. It is a substantial and component part of the indictment. Wood v. People, 53 N. Y. 511; Johnson v. People, 55 N. Y. 512; People v. Sickles, 26 App. Div. 470, 50 N. Y. Supp. 377, affirmed 156 N. Y. 541, 51 N. E. 288; People v. Jordan, 125 App. Div. 522, 109 N. Y. Supp. 840.

The relator's plea of guilty of grand larceny in the second degree went no further in fact and effect than its terms import. Upon this plea, judgment could be pronounced only for the crime charged, and as for a first offense, and that by imprisonment for a term not exceeding five years.

It was stated by the district attorney upon the hearing that the court might take into consideration facts disclosed upon the examination of the relator before sentence, as provided by section 485a of the Code of Criminal Procedure, added by Laws 1909, c. 66, it appearing that the relator admitted upon such examination that he had been in prison three terms under as many charges for grand larceny, and that the court was thereupon justified in imposing the judgment and sentence which it did, by virtue of section 1942 of the Penal Law (Consol. Laws, c. 40). I am of the opinion that the increased punishment under the section last cited can only be imposed upon a conviction under an indictment charging the prior convictions and in the same manner as for a second offense. The examination under the section of the Code above cited is had after conviction and for the purpose, among others, of enabling the court to determine whether, within the limits of its power and discretion, the sentence should be for a greater or lesser term. The defendant was then before the court for judgment under the conviction already had, which in this case was for the crime of grand larceny in the second degree upon his plea of guilty, and upon this conviction only could judgment be pronounced. The judgment was therefore erroneous, but the conviction is valid and remains in force.

By section 2032 of the Code of Civil Procedure it is provided that upon the hearing under the writ of habeas corpus the justice must forthwith remand the prisoner by final order, if it appears that he is detained in custody by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction; and by section 2034 of the same Code the justice is prohibited from inquiring into the legality or justice of such judgment or decree. The County Court is a court of record of superior criminal jurisdiction (People v. Bradner, 107 N. Y. 1, 13 N. E. 87), and in the particular case had jurisdiction of the relator and of the crime charged in the indictment, and was empowered to pronounce judgment, upon a conviction of imprisonment in a state prison. The judgment being merely errone-

ous, the court having given a wrong judgment when it had jurisdiction, the relator can only have relief by appeal.

It cannot be said that the court could not under any circumstances or upon any state of facts have pronounced the judgment. People ex rel. Tweed v. Liscomb, 60 N. Y. 570, 19 Am. Rep. 211; People ex rel. Devoe v. Kelly, 32 Hun, 538. In the case last cited, upon appeal to the Court of Appeals (97 N. Y. 212) the judgment was held void and the prisoner discharged. In the case at bar, the County Court had power to sentence to imprisonment in a state prison, and therefore the judgment pronounced is not void, even though the term be excessive, but is erroneous and voidable. Upon appeal, where an erroneous judgment has been entered upon a lawful verdict or finding of fact, the appellate court has power to correct the judgment. Code Crim. Proc. § 543.

For these reasons, I am of the opinion that it cannot be held in this proceeding that the judgment of the County Court is void, and that the law and practice neither permits nor requires that a final order be made remanding the relator to the custody of the respondent, to the end that a proper judgment be imposed, but that the remedy of the relator is by appeal.

Writ dismissed, and relator remanded to the custody of the warden and sheriff.