CASE 4—INDICTMENT—JUNE 28.

# Taylor vs. Commonwealth.

### APPEAL FROM MASON CIRCUIT COURT.

An indictment charging that defendant " did suffer and permit an indecent and disorderly house to be kept on his plantation or premises," &c, held insufficient, because it does not charge, directly or inferentially, that defendant kept the house ; or that he had leased it to another knowing the purposes for which it was to be used ; or. that the house was in the occupancy or control of defendant.   (2 *B. Mon.*, 418 ; 4 *B Mon.*, 7.)

STANTON & THROOP, for appellant, cited *Crim. Code, sec.* 123; *Wharton's Am. Cr. L.*, 804; 1 *Archb. Crim. Prac.*, 5, 276; 2 *Rev. Stat.*, 812; 2 *B. M.*, 417; 3 *Dana*, 70.

J. M. HARLAN, Attorney General, cited *Crim. Code, sec.*, 349.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT :

This was an indictment against Taylor for " suffering and permitting a disorderly house to be kept upon his plantation." The defendant was found guilty of the offense, and, by the verdict and judgment, subjected to a fine of $135. The motion of the defendant for a new trial, and also in arrest of judgment, having been overruled, he has appealed.

The ground mainly relied on for reversal, and the only point we shall consider, is, that the facts stated in the indictment do not constitute a public offense, and that, therefore, the court erred in refusing to arrest the judgment.

It is well settled, that to keep a house of ill-fame, or other disorderly house, is an indictable offense at common law. So it has been held by this court, that if a lessee convert the demised tenement into a moral nuisance, and the owner leased it for that purpose, or knowing that it would be so prostituted, he would be punishable for a misdemeanor. (2 *B. Mon.*, 418; 4 *B. Mon.*, 7.) Neither of these offenses, however, is set out in the present indictment, which merely charges, in substance, that the defendant did, during the period designated, " suffer and permit an indecent and disorderly house to be kept on his plantation or premises, where divers lewd women, both white and colored, were in the habit of frequenting, and where negro men and white men assembled for illicit commerce with said women," &c. The natural inference from this language is, not that he, himself, kept the disorderly and indecent house, but that some one else was the keeper by his sufferance and permission. Nor does the language authorize the implication that the defendant had leased the house to another, knowing the purposes for which it was intended to be used. Nor does it necessarily convey the idea that the house was either in the occupancy or under the control of the defendant. In the case of *Tomlin vs. Comth.* (*MS. opin.*, 1855), the indictment charged

that the defendant did suffer and permit a game of chance to be played with cards in *his house*, &c. The statute provides, that whoever shall suffer any game to be played in a house, &c., or on premises *in his occupation or under his control*, shall be punished, &c. The indictment was held defective in failing to allege that the house in which the gaming occurred was in the occupation or under the control of the defendant. It is said, in the opinion, that although the defendant may have permitted gaming in his house, the inference did not necessarily arise that the house was, at the time, in his occupation or under his control; and that, even if such inference were allowable, it would not have cured the defect, because the *facts* necessary to constitute the offense must be alleged, and that it is not sufficient that the essential facts may be inferred from those which are stated.

We are therefore satisfied that the indictment is insufficient, and that the motion to arrest the judgment should, on that ground, have been sustained. The judgment is therefore reversed, and the cause remanded for further proceedings in conformity with this opinion.