CASE 5—INDICTMENT—JAN. 7.

# Harlow v. Commonwealth.

APPEAL FROM BOYLE CIRCUIT COURT.

1. THE KEEPING OF A BAWDY-HOUSE being a public offense, every person who voluntarily aids in establishing and maintaining it is guilty of a misdemeanor. (Ross v. Commonwealth, 2 B. Mon. 417.)

2. RENTING A HOUSE TO BE KEPT AND USED AS A BAWDY-HOUSE.—The indictment in this case against the landlord for renting a house to be kept and used as a bawdy-house is substantially set out in the opinion, and although defective in some respects, it stated facts constituting a public offense.

3. THE FAILURE IN THE INDICTMENT TO STATE THE LOCATION OF THE HOUSE which was rented to be kept and used as a bawdy-house is not a fatal defect.

    "*If the indictment contains no statement of the place in which the offense was committed,* it shall be considered as charged therein that it was committed in the local limits of the jurisdiction of the court in which the grand jury was impaneled. (Criminal Code, sec. 131.)

Fox, Grigsby & Fox, . . . . . . . For Appellant,

CITED

Criminal Code, sec. 349.
General Statutes, art. 22, p. 311.
4 B. Mon. 8, Frederick v. Commonwealth.
1 Duvall, 161.
2 B. Mon. 417, Ross v. Commonwealth.
10 Bush, 306, Broaddus's devisees v. Broaddus's heirs.

Thos. E. Moss, Attorney General, . . . . For Appellee,

CITED

2 B. Mon. 417, Ross v. Commonwealth.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The indictment in this case charges substantially that the appellant " unlawfully let, rented, hired, and furnished a certain house to certain named females of lewd and lascivious habits, for the purpose of being kept as a house of ill-fame; and continued to let, rent, and furnish said house to said persons, knowing that it was so used; and that he permitted and encouraged lewd persons to meet and assemble thereat for the purpose of committing fornication and adultery.".

The language used does not necessarily import a charge that appellant set up, kept, and maintained a bawdy-house; but the facts set out do show that he leased the premises for the purpose of being used as a bawdy-house; that they were so used; that he continued to rent the house, knowing such to be the fact; and that he derived profit from the renting.

As was said by this court in the case of Ross v. The Commonwealth (2 B. Monroe, 417), "such illegal use of *his* house by his bailee with his purchased consent and virtual co-operation would, in judgment of law, be his act *quantum en illo*, as far as in him lay."

The keeping of a bawdy-house being a public offense, every person who voluntarily aids in establishing and maintaining it is guilty of a misdemeanor. (*Ib.*)

The case of Frederick v. The Commonwealth (4 B. Mon. 7) does not conflict in principle with the case from which we have just quoted; and instruction No. 2, given in this case, explained to the jury that they could not convict upon such evidence as was held to be insufficient in Frederick's case.

Without deciding whether or not the indictment would have been good upon demurrer, we are clearly of the opinion that it does state facts constituting a public offense within the jurisdiction of the Boyle Circuit Court, and that it is not so fatally defective as to authorize an arrest of judgment. (Crim. Code of Practice, sec. 271.)

The fact that the location of the house rented and used as a bawdy-house is not stated in the indictment is not a fatal defect. Even if the place at which the offense was committed had not been stated, the law would have supplied the omission, and it would have been considered as charged in the indictment that it was committed within the local jurisdiction of the court in which the grand jury by whom it was returned had been impaneled. (Crim. Code, sec. 131.)

We have no power to reverse in a criminal or penal prosecution on account of the want of sufficient evidence to support the verdict, and will not therefore inquire into the question of the guilt or innocence of the accused.

While it is certainly true that an appeal will lie to this court from the judgment of the inferior court overruling the motion for a new trial of a party convicted of a felony or of a misdemeanor, where the punishment brings the case within its jurisdiction, we find nothing in sections 1 and 2 of article 22, chapter 28, of the General Statutes giving this court the power to reverse for any other than the causes named in the Criminal Code of Practice.

The instructions given were as favorable to the appellant as the law would authorize them to be made.

The judgment must be affirmed.