[No. 860.]

A. W. SWAN, RESPONDENT, v. A. J. SMITH ET AL., APPELLANTS.

ACTION OF TROVER—FORM OF VERDICT.—The jury, in an action of trover, found a verdict in favor of plaintiff "for the possession of the personal property described in the complaint, and if a return thereof cannot be had then," etc. The court, in entering judgment, followed the language quoted: *Held*, that the pleadings did not authorize such a finding; that this part of the verdict was mere surplusage, and that it ought to have been disregarded in entering judgment, and that the judgment should be modified.

APPEAL from the District Court, First Judicial District, Storey County.

The facts are stated in the opinion.

*Lindsay & Dickson*, for Appellants.

*C. H. Belknap*, for Respondent.

I. That portion of the verdict touching the right of the plaintiff to the possession of the property, is surplusage, and should be disregarded. (*Gregory* v. *Frothingham*, 1 Nev. 262; *Bacon* v. *Callender*, 6 Mass. 303; *Wyndham* v. *Williams*, 27 Miss. 318; *People* v. *Ah Kim*, 34 Cal. 189; *Dunlap et al.* v. *Hayden*, 29 Ind. 303; *Gover* v. *Turner*, 28 Md. 604; *Tucker* v. *Cochran*, 47 N. H. 57; *Lincoln* v. *Hapgood*, 11 Mass. 358; *Wood* v. *May*, 3 Cranch, C. C. 172; *Duane* v. *Simmons*, 4 Yeates, 441; *Patterson* v. *United States*, 2 Wheat. 222; *Gibson* v. *Lewis*, 27 Mo. 532; 17 Serg. R. & 297.) It cannot be urged against a verdict that it is too broad, if every essential matter put in issue is concluded by it. (*Mc-Rae* v. *Colclough*, 2 Ala. 74; *U. S.* v. *Stereoscopic Slides*, 1 Sprague, 467.) The finding of facts not necessarily involved will not vitiate a verdict, when enough is found to decide the issue. (*Tuby* v. *Mauzey*, 4 B. Mon. 5; *Lively* v. *Ball*, 2 Id. 53; *Riggs* v. *Maltby*, 2 Met. (Ky.) 88.)

II. Rejecting the surplusage in the verdict, the jury have found all the facts necessary for this court to render a proper judgment in this case. It should not, therefore, subject the parties to the delay and expense of a new trial,

but should modify the judgment by the entry of a judgment in trover. (*Myers* v. *Kendrick,* 13 Iowa, 599; *Woodward* v. *Howard,* 13 Wis. 557; *Fitzhugh* v. *Wiman,* 5 Seld. 559; *Ingersoll* v. *Bostwick,* 22 N. Y. 425; *Johnson* v. *Carnley,* 10 Id. 570; 5 Serg. & R. 130; *Persse* v. *Cole,* 1 Cal. 370; *Ellis* v. *Jeans,* 26 Id. 272; *Union W. Co.* v. *Murphey's F. F. Co.,* 22 Id. 632; *Atherton* v. *Fowler,* 46 Id. 320; *Foucault* v. *Pinnet,* 43 Id. 136.)

By the Court, Leonard, J.:

Plaintiff alleges that, on the twenty-eighth day of September, 1876, he was the owner and in possession of the goods and chattels described in his complaint, of the value of two thousand dollars in United States gold coin; that while he was so the owner and in possession of said goods and chattels, the defendants unlawfully took the same from his possession, carriéd them away and still unlawfully detains said property from plaintiff; that at the time of said conversion by defendants, plaintiff was the proprietor of the European restaurant in Virginia city, and as such proprietor, was carrying on and conducting a lucrative business, of the value of two hundred dollars per month to plaintiff; that by reason of the unlawful taking and detention of the said property, plaintiff's business was completely broken up and destroyed, whereby he was damaged in the sum of three thousand dollars, United States gold coin, and a judgment for the amount last stated is prayed for, besides costs of suit.

Defendants denied plaintiff's ownership, and the alleged value, beyond two hundred dollars. They admitted the taking and detention, but denied that either was unlawful; denied that plaintiff was the proprietor of said restaurant; denied that the value of the business of said restaurant to plaintiff was two hundred dollars per month, but did not deny that it was to him of the value of one hundred and ninety-nine dollars and ninety-nine cents per month ; denied that plaintiff was damaged in any sum whatever. They did not deny breaking up and destroying plaintiff's business, except as above stated.

They justified the taking and detention by alleging that, prior to the seizure of the property by defendant Smith, hereinafter mentioned, defendant Strouse had obtained a judgment in justice's court, Virginia township No. 1, against one Emma Knapp, which was unsatisfied; that an execution was duly issued upon said judgment, by virtue of which defendant Smith, as constable of said township, duly levied upon said property and took the same into his possession, as the property of Emma Knapp, and that to the best knowledge and belief of defendants, said goods and chattels were the property of said Emma Knapp at the time of the levy and seizure.   None of the evidence is contained in the record.

The jury found the following verdict: "We, the jury, find for the plaintiff for the delivery of the possession of the property described in the complaint, and if a return thereof cannot be had, then for the sum of eight hundred and twenty-five ($825) dollars, the value of said property, with interest at the rate of ten per cent. per annum from the twenty-eighth day of September, 1876, to the present time, and the sum of four hundred ($400) dollars as damages.                     E. WILLIAMS, Foreman."

Judgment was thereupon entered "for the delivery of the possession of the property described in the complaint, and if a return thereof cannot be had, then for the sum of eight hundred and twenty-five ($825) dollars, the value of said property, with interest at the rate of ten per cent. per annum from the twenty-eighth day of September, 1876, to the present time, and the sum of four hundred ($400) dollars damages, together with plaintiff's costs of suit," etc.

Appellants appeal from the judgment and assign as error: 1. "Error in the verdict in this, to wit: That it finds for the plaintiff for the return of the property claimed in the complaint, and if return thereof cannot be had, then for its value, etc.; appellants claim that the verdict should have followed the complaint, which does not ask for a return of the property, but is a complaint in trover for the value of the property; that a verdict in the alternative respondent was not entitled to; 2. Error in the judgment in this, to

wit: That said judgment is in the alternative for a return of the property, and if a return thereof cannot be had, then for its value, etc., to which appellants make the same objection as above specified to the verdict."

We think counsel for appellants are correct in their conclusions, and we have no doubt that the court below would have made the necessary correction had its attention been called to the error complained of. No complaint is made other than that stated above. The case was evidently tried upon the issues made by the pleadings, but the jury found for plaintiff " for the delivery of the possession of the property described in the complaint, and if a return thereof cannot be had, then," etc.

They had no power or authority to find the portion just quoted, because the pleadings did not allow it; and such finding was as much a nullity as though they had found plaintiff entitled to the possession of any other property not described in the complaint. It is the duty of the jury to decide the issues made by the pleadings according to the evidence, but they cannot decide other issues. This finding ought to have been disregarded in entering the judgment, although it should have been corrected before the jury was discharged from the case, as doubtless it would have been, as before stated, had the attention of the court been called to the error. But the objectionable part of the verdict is mere surplusage, and aside from that part, all the issues made in the case are decided. The judgment follows the verdict, and all the relief to which plaintiff was entitled under the pleadings and findings of the jury, is found outside of the portion awarding a delivery of possession of the property to plaintiff. (*Easton* v. *Worthington*, 5 S. and R. [Pa.] 132; *McRae et al.* v. *Colclough*, 2 Ala. 81; *Lincoln* v. *Hapgood*, 11 Mass. 358; *Duane* v. *Simmons*, 4 Yeates, 442; *Leineweaver* v. *Stoever*, 17 S. and R. 297; *Patterson* v. *United States*, 2 Wheat. 223; *Frederick* v. *Commonwealth*, 4 B. Mon. 7; *United States etc.* v. *One Case Stereoscopic Slides*, 1 Sprague, 468-9; *Myers Adm'r* v. *Kendrick Adm'r*, 13 Iowa, 599; *Gregory* v. *Frothingham*, 1 Nev. 262.)

The cause is remanded, with directions to the court be-

low, to strike from the judgment the following, to wit: "1. For the delivery of the possession of the property described in the complaint, and if a return thereof cannot be had, then;" also the words, "the value of said property," next following the words "eight hundred and twenty-five ($825) dollars," and insert in lieu of the last, the words, "the value of the property described in the complaint herein."

The judgment so modified is affirmed, appellant to recover the costs of appeal.