## In re Boggs.

(*Circuit Court, D. Kentucky.* February 2, 1891.)

**1. SECOND OFFENSE—TWICE IN JEOPARDY—CONSTITUTIONAL LAW.**

The Kentucky statute, providing that "every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction, and if convicted a third time of felony, he shall be confined in the penitentiary during his life," is not in violation of the fifth amendment of the constitution of the United States, which is a limitation upon the power of the general government, and not of the states.

**2. SAME—FOURTEENTH AMENDMENT.**

Since the rule established applies equally to all persons convicted a second and third time, the statute is not invalid as being a denial of "equal protection of the laws," within the meaning of the fourteenth amendment.

Petition for Writ of *Habeas Corpus.*
*John L. Scott*, for petitioner.

BARR, J. This is a petition for a writ of *habeas corpus*, in which it is alleged that the petitioner, Boggs, is now confined in the Kentucky state penitentiary at Frankfort, under a sentence and judgment of the Jefferson circuit court, for the period of his natural life, and that said judgment and sentence is unconstitutional and void. It appears from the record, made part of the petition, that Boggs has been indicted, tried, and convicted of the crime of grand larceny, that the jury found him guilty of the larceny charged, and fixed his punishment for that larceny at five years' imprisonment in the state penitentiary; and that it also found as a fact, which was charged in the indictment, that he had been previously found guilty and sentenced for the crime of larceny twice before that conviction. The court, under the Kentucky statute and the finding of the jury, sentenced him to imprisonment in the penitentiary, where he now is, for the term of his natural life. The five years of his confinement has not expired, but, as the sentence was for imprisonment for life, it is claimed the imprisonment is unlawful, being unconstitutional. The Kentucky court of appeals has affirmed the judgment and sentence. *Boggs* v. *Com.*, 5 S. W. Rep. 307. See, also, *Taylor* v. *Com.*, 1 Duv. 160.

This settles the question as to the state constitution, and, if it did not, we could not consider that question; but it is insisted that this state statute, which provides: "Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction, and, if convicted a third time of felony, he shall be confined in the penitentiary during his life,"—is a violation of the fifth amendment of the federal constitution. This amendment is clearly a limitation upon the powers of the federal government, and was not intended and is not a limitation upon the states of this Union. *Barron* v. *Mayor, etc.*, 7 Pet. 243; *Fox* v. *State*, 5 How. 434; *Smith* v. *State*, 18 How. 76.

It is also contended that this statute is class legislation, as it punishes

ex-convicts more severely for the same offenses than it does those not theretofore convicted of a felony, and is within the prohibition of the fourteenth amendment of the federal constitution, which declares no state shall "deny to any person the equal protection of the laws." This statute does not deny the petitioner the equal protection of the laws, within the meaning of this amendment. Every other person convicted as he has been would be subject to the like punishment as that he has received. This is all the amendment means. Thus the supreme court has decided that an Alabama statute which prohibited a white person and a negro living together in adultery is not in conflict with this amendment, although it prescribed penalties more severe than those to which parties would be subject were they of the same race and color. *Pace v. Alabama*, 106 U. S. 583, 1 Sup. Ct. Rep. 637. The court said: "The punishment of such offending persons, whether white or black, is the same." The court said in another case, in discussing the fourteenth amendment: "It has respect to persons and classes of persons. It means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place, and under like circumstances." *Missouri v. Lewis*, 101 U. S. 31.

The petition is not sufficient in its allegations to entitle the petitioner to a writ of *habeas corpus*, and the writ should be denied, and it is so ordered.