## PEOPLE v. JORDAN.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. CRIMINAL LAW—TRIAL—SCOPE OF EVIDENCE IN CHIEF—EVIDENCE OF PREVIOUS OFFENSE.

In a prosecution for robbery under an indictment charging a second offense, it is incumbent upon the state to prove accused's previous conviction of a felony, and it is not precluded from offering proof thereof by a concession of such conviction of accused's counsel, especially where the concession is not as broad as the indictment requires, and is not made until after the state has begun to introduce evidence on the subject.

2. SAME—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

In a prosecution for robbery as a second offense, where the jury were charged that they must dismiss from their minds the prior conviction until they had determined whether accused had committed the robbery charged in the instant case, and, if they decided that he was guilty of that crime, then they should determine whether he was the person who had been previously convicted of a felony under another name, an additional instruction at the instance of the state that it was a question of fact whether accused was the person formerly convicted, and that, if the jury had any doubt of it, they could not find him guilty as for a second offense, but "must" find him guilty of robbery in the first degree only, when considered with the other charge, was not calculated to mislead the jury into the belief that it was a direction to find accused guilty of robbery in the first degree.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1961–1968.]

3. SAME—NECESSITY OF INSTRUCTION—DEGREES OF CRIME.

While it is proper for a court to instruct as to the various degrees of the crime charged, and to advise the jury under what conditions of proof and of their conclusions they may convict of a lesser degree, in the ab-

sence of accused's request, it is not error for the court to fail to so instruct.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1923–1927.]

4. SAME—APPEAL—REVIEW—WAIVER OF NECESSITY FOR EXCEPTION.

On appeal, where the court is satisfied that the verdict is against the weight of evidence, or is against the law, or that justice requires a new trial, it "may" reverse, even though an exception has not been taken in the lower court, but it is only "required" to do so when the error is presented by a proper exception; and hence, in a prosecution for robbery in the first degree as a second offense, the court's failure to instruct as to the lesser degrees of the crime where the instruction was not requested will not cause a reversal, where it is clear that justice does not require a new trial.

5. SAME—TRIAL—INSTRUCTIONS—PUNISHMENT.

In a prosecution for robbery in the first degree as a second offense, the jury is not concerned with the punishment involved; and hence a requested instruction that the only purpose of alleging a prior conviction was to cause accused's sentence to a certain term in prison in case he was convicted of the crime charged was properly refused.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1928–1936.]

Appeal from Trial Term.

Charles Jordan, alias Charles McCarthy, alias Charles O'Connor, was convicted of robbery in the first degree as a second offense, and appeals from the judgment, and from orders denying motions to set aside the verdict and in arrest of judgment, and from an order refusing to resettle the case. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Abraham Levy, for appellant.

William Travers Jerome and Robert S. Johnstone, for the People.

HOUGHTON, J. The defendant was indicted for the crime of robbery in the first degree as a second offense, in that he had theretofore been convicted of the crime of grand larceny in the second degree. It is unnecessary to recite the details of the crime. After a careful examination of the record, we are convinced that there was abundant evidence to warrant the jury in finding that the defendant by force took personal property from the person of the complainant against his will, aided by an accomplice actually present, and hence committed the crime of robbery in the first degree. The defendant urged that errors were committed on the trial which entitle him to a reversal.

The indictment being for a second offense, the people called the clerk of the court and other witnesses to prove that the defendant was the same person who had previously been convicted of the crime of grand larceny in the second degree under the name of Charles McCarthy. After some testimony had been introduced on this subject, defendant's counsel announced that he would concede that the defendant had theretofore been convicted. The assistant district attorney remarked that the concession came rather late, and proceeded with his proof to establish the fact of a prior conviction. The defendant's counsel contends that after his concession further proof was unnecessary,

and that its introduction only tended to prejudice the defendant in the minds of the jury. The previous conviction of the defendant was a substantive part of the present indictment for a second offense, and it was incumbent upon the people to establish that he theretofore had been convicted of a felony. The assistant district attorney was not bound to take the concession of the defendant's counsel, coming as it did after he had begun his proof on the subject, and not being as broad as the indictment required. In People v. Sickles, 156 N. Y. 541, 51 N. E. 288, such a concession, under a similar indictment, was made before any evidence was taken and before the impaneling of the jury, and yet it was held that it was not improper for the people to prove the fact. Possibly the evidence of the defendant's witness Owens might have been allowed to stand, but striking it out did no harm, because he did not identify the complainant as the man to whom his testimony related. Nor in our view was there any error committed with respect to the cross-examination of the defendant's witness Clark. The court appears to have been careful, both on its own motion and on that of the defendant, in striking out objectionable evidence, and in instructing the jury to disregard that ruled out. Latitude was properly allowed the people in the cross-examination of this witness, who was the man alleged to have acted as an accomplice, and aided the defendant in the commission of the robbery. The rights of the defendant were protected by the striking out of testimony and the direction to the jury to disregard it.

Nor do we think error was committed by the court in the charge. The jury were instructed that they must dismiss from their minds the prior conviction until they had determined whether or not the defendant had committed the robbery charged in the present indictment, and that, if they came to the conclusion that he was guilty of the crime for which he was being tried, then they were to determine whether or not he was the person who had been previously convicted. At the conclusion of the charge, the district attorney asked the court to instruct the jury that it was a question of fact for them to determine whether or not the defendant was the person formerly convicted of the crime of grand larceny in the second degree, and that, if there was any doubt in their minds on that subject, they could not find him guilty as for a second offense, but must find him guilty of robbery in the first degree only. The court so charged, whereupon defendant's counsel announced that the defendant was the man who was formerly convicted, but took no exception to the charge that the jury must bring in a verdict finding the defendant guilty of robbery in the first degree. In view of the charge, it is manifest that the jury perfectly understood the situation, which was that if, from the concession and the evidence, they found the defendant to be the same person who was formerly convicted under the name of Charles McCarthy, they might find him guilty as of a second offense; and, if he was not the person formerly convicted, then they might find him guilty of robbery in the first degree as a first offense. The jury had been instructed that they must be convinced of defendant's guilt beyond a reasonable doubt, that they must consider all the facts with respect to the present charge, and that the defendant must not be prejudiced from not taking the stand in his

own behalf. It is perfectly clear that they did not understand the instructions of the court to be a direction to find the defendant guilty of robbery in the first degree.

The defendant also complains that the court did not charge the jury with respect to the various degrees of robbery. There was evidence from which the jury might have found that the defendant was guilty of larceny from the person of the complainant without the aid of an accomplice, which would reduce the crime from the first to the second or third degree; but they were also justified from the evidence in their finding that the defendant was guilty of larceny from the person of the complainant actually aided by an accomplice, which constituted the crime of robbery in the first degree. Section 35 of the Penal Code, and sections 390, 444, and 445 of the Code of Criminal Procedure, prescribe under what circumstances a defendant should be convicted of a lesser crime than that charged against him in the indictment. It is a proper element of a charge to the jury on a criminal trial to instruct them as to the various degrees of the crime charged against a defendant, and to advise them under what conditions of the proof and of their conclusions they may render a verdict of guilty of a lesser degree. In the absence of a request on the part of the defendant, however, it is not error for the court to fail to instruct the jury with respect to the lesser degrees. People v. Keegan, 104 N. Y. 529, 11 N. E. 48; People v. Granger, 187 N. Y. 67, 79 N. E. 833. When the court is satisfied that the verdict is against the weight of evidence, or is against the law or that justice requires a new trial, it may reverse, whether an exception has been taken or not in the court below; but it is only required to do so when an error is raised by a proper exception. People v. Tobin, 176 N. Y. 278, 288, 68 N. E. 359. Even if error had been committed by failure to instruct the jury as to the lesser degrees, we would not feel called upon in the present case to reverse the judgment because we are convinced that justice does not require a new trial.

The defendant requested the court to instruct the jury that the only object of setting forth defendant's prior conviction was for the purpose of compelling the court, if the defendant was found guilty of the present offense, to sentence him to a term of not less than 20 years nor more than 40 years in a state prison; and it is urged that the failure of the court so to instruct the jury was error. The punishment which may be inflicted is not a proper subject of instruction to the jury. A person having been formerly convicted, upon being found guilty of a subsequent offense must be sentenced for a certain period; and the only question for the jury to determine is whether or not the person charged is guilty of the present offense alleged against him, and whether he is the same person who was formerly convicted. With the punishment they have nothing to do, and it was not error for the court to refuse to charge as requested.

We see nothing in the record requiring a reversal of the judgment of conviction, and it and the orders appealed from must be affirmed. All concur.