No. 19,201.

THE CITY OF ELLIS, *Plaintiff*, v. PHILIP JACOBS, as County Treasurer, etc., et al., *Defendants.*

### SYLLABUS BY THE COURT.

1. CITIES OF THIRD CLASS—*Separate Road Districts.* All cities of the second and third classes in this state are separate road districts.

2. SAME—*When Part of Township—Unless Separated by Election under the Statute.* Every city in this state of less than two thousand inhabitants is a part of the township within the boundaries of which it is located unless it has the prescribed qualifications as to population and assessed valuation of real and personal property and has elected to become a separate township in accordance with the provisions of section 1513 of of the General Statutes of 1909.

3. SAME—*Road Taxes Collected from City Property—To be Turned Over to City Treasurer.* It is the duty of each county treasurer to pay to the treasurer of each city of the third class within the county of which he is treasurer all sums levied and collected upon the property in such city for township road tax.

Original proceeding in mandamus. Opinion filed May 9, 1914. Writ allowed.

*E. C. Flood,* of Ellis, for the plaintiff.

*J. H. Simminger,* of Hays, and *James T. Nolan,* of Ellis, for the defendants.

The opinion of the court was delivered by

SMITH, J.: The undisputed facts in this case are as follows: The city of Ellis is a city of the third class, having a population of between one thousand and two thousand inhabitants. The city brought this action against the defendant Jacobs as county treasurer of Ellis county to compel him to pay over to the treasurer of the city of Ellis the road taxes levied against the property in the city for the year 1913. The amount

of the tax for road purposes was one mill on the dollar on all property in Ellis township, within which township the city of Ellis is located, and including all the property within the corporate limits of the city as well as the property in the township outside of the city. The county clerk of Ellis county placed on the tax rolls of the county the tax so levied. The county treasurer had, at the beginning of the action, about $600 taxes by him collected on property within the corporate limits of the city for such township road tax of Ellis township. An alternative writ of mandamus was applied for in this court and was allowed. Both the township treasurer and the township clerk intervened as such officers, and also as *ex officio* members of the board of highway commissioners of Ellis county.

Section 1513 of the General Statutes of 1909 provides that cities of the third class shall be and remain a part of the corporate limits of the municipal townships in which they are located; provided, in substance, that such city shall become a separate township if it has the prescribed qualifications as to population and assessed valuation of real and personal property and the question of becoming a separate township shall have been submitted by the city council to the qualified voters of such city at a regular city election and two-thirds of the votes polled thereat shall have been in favor thereof. It is conceded that such vote has not been taken in the city of Ellis and that such city remains a part of the township.

By section 15 of chapter 248 of the Laws of 1911 it is provided: "That each incorporated city of the second and third class shall constitute a separate road district."

It follows, then, that the city of Ellis is a separate road district but is still a part of Ellis township. Section 34 of chapter 248 of the Laws of 1911 provides:

"That for the purpose of carrying out the provisions of this act the highway commissioners shall recommend to the county commissioners of each county in this

state, on or before the first day of August of each year, a levy of not more than three mills on the dollar on all the property in such township, and it shall be the duty of the county clerk to place such levy on the tax rolls of said county; provided, that at least seventy-five per cent of all moneys collected under the provisions of this section for road purposes from the taxable property in each township, shall be used to improve the rural route and township roads within such township. And it shall be the duty of the township trustee, highway commissioners and county engineer to see that this provision is complied with and that this percentage of the moneys collected shall be used, as nearly as practicable, upon such roads in the neighborhood of the property from which tax is raised."

Section 2173 of the General Statutes of 1909 provides:

"That it shall be the duty of the county treasurer of each county in which there are one or more cities of the third class which are under the laws of this state separate road districts to pay to the treasurer of such city or cities all sums levied and collected upon the property in said respective cities for township road tax."

It thus appears that the tax was legally levied, and if, as we believe, section 2173 is applicable, the county treasurer was in duty bound to pay the portion of the township road tax levied upon property within the corporate limits of the city to the city treasurer.

Yet the portion of section 34 of chapter 248 of the Laws of 1911, above quoted, requires that seventy-five per cent of the same fund shall be used to improve the rural route and township roads within the township. Both provisions, evidently, can not be applied. The city can not use its funds to make improvements outside of its corporate limits, and if the improvements are made by the township, no method is provided by which it can get the money from the city treasury to pay for them. The city can not use the entire fund for one purpose and the township officers seventy-five per cent thereof for another purpose.

It is said on the part of the plaintiff that section 34 was incorporated in house bill No. 1008, as originally introduced, and that the clause read: "Provided, that at least seventy-five per cent of all moneys collected from the taxable property in each township, *including cities of the third class,* shall be used to improve the rural routes and township roads within such township"; that thereafter the bill was amended by inserting after the word "collected" the words "under the provisions of this section for road purposes," and by striking out the words "including cities of the third class." We have examined the House Journal and find that this contention is correct. As in section 15 of the act it was provided that each city of the second and third class should constitute a separate road district, and as under section 2173 of the General Statutes of 1909 it is made the duty of the county treasurer to pay to the city treasurer moneys collected on property within the city for township road tax, the amendment seems to have been made for the purpose of harmonizing the provisions of the section by taking the tax levied upon property within the city from the seventy-five per cent provision. Section 34 was not, however, amended to conform to the purpose here suggested.

But we are not left to inference as to the application of the money to which the city is entitled by the provisions of section 2173 of the General Statutes of 1909. Section 32 of chapter 248 of the Laws of 1911 reads:

"That taxes assessed for the purpose of constructing and maintaining public roads and highways shall be paid in cash and collected as provided for in relation to other taxes. When so collected the county treasurer shall pay that proportion of the same which is to be used upon mail routes and township roads or upon city streets to the treasurer of the township or city from which said taxes are collected, to be used exclusively for such road purposes."

A portion of section 15, which provides that cities of

the third class shall be separate road districts, also provides as follows:

"And the said corporate authorities of any such city are authorized and empowered to use the road tax provided for in this act in paving, macadamizing or grading the streets and alleys in such city in any manner provided by ordinance or resolution of any such corporation; provided, such tax shall be applied first to the most public streets and macadamized or graded, and any such city shall have the power to pass any by-law or ordinance necessary to carry out fully the provisions of this act."

This provision clearly indicates the legislative intent that section 2173 of the General Statutes of 1909, which has never been repealed, is in full force and effect; also, that the seventy-five per cent provision does not apply to township road taxes levied and collected upon property within a city.

The parties to this action are officers of the county, township and city, respectively, and while the county treasurer has raised the question that the city was not entitled to the writ for the reason that no formal order has been obtained on the treasurer by the county clerk to pay the money to the city treasurer, he seems to have done so for the purpose of its bearing upon the adjudication of costs.

The real question is whether or not the money belongs to the city, and we have concluded that it does. All parties concerned want to have the law settled, and should not and evidently do not desire to have the case determined on a technicality. The parties to the action, as public officers, have no personal interest in the questions involved, but in a fair and generous spirit, as such officers, are seeking to have the law settled. In so doing they should not be required to pay the costs of the proceeding. The city and township of Ellis are the real parties in interest.

The writ is allowed and the costs are divided equally between the city and the township.