[Crim. No. 893. Third Appellate District.—June 22, 1926.]

THE PEOPLE, Respondent, v. GEORGE WAGNER, Appellant.

[1] CRIMINAL LAW—BURGLARY—VERDICT—EVIDENCE.—In this prosecution for burglary, the evidence was sufficient to sustain the verdict of guilty.

[2] ID.—HABITUAL CRIMINAL—JUDGMENT—PLEADING.—In order to sustain a judgment as an habitual criminal, it is necessary that the indictment or information charge the same and the defendant given an opportunity to plead thereto or make defense to such charge.

[3] ID.—MODIFICATION OF JUDGMENT—APPEAL.—A judgment of conviction of burglary in the second degree, which also adjudges the defendant guilty as an habitual criminal, may be modified on appeal by eliminating that portion thereof adjudging the defendant to be an habitual criminal, where there was no pleading charging the defendant with prior convictions.

(1) 9 C. J., p. 1076, n. 18.     (2) 16 C. J., p. 1342, n. 89; 31 C. J., p. 734, n. 61, p. 839, n. 34, 35.     (3) 16 C. J., p. 1350, n. 38 New.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Donald McKisick and J. S. Daly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the crime of burglary in the second degree upon an information charging as follows: "The said George Wagner on or about the 1st day of April, A. D. 1925, in the said County of Sacramento, in the said State of California, and before the filing of this information, did then and there wilfully, unlawfully, feloniously and burglariously enter the building used as a restaurant by one P. Koris at 1418 J Street, in the City of Sacramento, in said County of Sacramento, with the felonious intent then and there to commit the crime of larceny, contrary to the form, force and effect of the Statute in such case made and provided, and against the peace and dignity of the People of the State of California." From the testimony of the defendant during the course of the trial it developed that the defendant had suffered two previous convictions, and the court in pronouncing sen-

2. See 8 Cal. Jur. 644; 8 R. C. L. 276.

tence adjudged the defendant an habitual criminal under the terms and provisions of section 644 of the Penal Code. From the judgment of the court, the defendant appeals and assigns two grounds of error: (1) That the evidence is insufficient to warrant the conviction of the defendant, and (2) that the judgment adjudging the defendant an habitual criminal is erroneous, in that there was no pleading charging the defendant with prior convictions.

[1] Upon the question as to the sufficiency of the evidence, the only matter called to the attention of the court is the alleged absence of a scar on the defendant's head. The circumstances attending the offense for which the defendant was convicted are set forth as follows: About 10 o'clock at night on April 1, 1925, the defendant and one other person were discovered attempting to break into a restaurant on J Street in the city of Sacramento. An alarm being given, officers arrived and observed a short man standing inside the restaurant near the cash register, but before he could be arrested this man emerged from the front door of the restaurant, crossed the street, and was followed by an officer named Kaminsky. The officer overtook the short man just as he started to climb a fence in an alley between I and J Streets in said city, and in the scuffle that ensued the officer struck the defendant over the left ear with his revolver. This short man then grappled with Officer Kaminsky, succeeded in taking away the officer's revolver and making his escape. A blood-stained cap was found thereafter near the Western Pacific track. On the back porch of the restaurant was also found a coat with the name of G. Wagner on a label in one of the pockets. The defendant was identified by Kaminsky as the man with whom he had had the struggle in the alley. Upon the trial, the defendant exhibited his head to the jury to show that he had no scar. To rebut this evidence, the prosecution introduced the testimony of Dr. Binkley to the effect that there had been a scar on defendant's head about the middle of May succeeding the date of the offense. As opposed to the testimony of Dr. Binkley, appellant cites Ogstrom Lectures, Medical Jurisprudence, 425, Taylor on Medical Jurisprudence, page 333, and Herold on Manual of Legal Medicine, page 305, to the effect, "that if, on examining a part, where at some previous time a stab, cut or burn involving

the cutis is alleged to have been inflicted, we find no mark or cicatrix, it is fair to assume that the allegation is false and that no wound has been inflicted.'' Admitting that the authors referred to were eminent physicians and surgeons, it is only necessary to state that their opinion set forth in medical treatises constituted no evidence in this case, and if the jury believed the testimony of the witnesses to which we have referred, the verdict is amply supported.

[2] Section 644 of the Penal Code provides: ''Every person convicted in this state of any felony who shall previously have been twice convicted, whether in this state or elsewhere, of the crime of robbery, burglary, rape with force and violence, arson or any of them, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.'' The information in this case charges no prior convictions. Section 969 of the Penal Code sets forth the procedure which must be followed in charging prior convictions. Section 1025 of the Penal Code sets forth the procedure that shall be had when the defendant is arraigned upon an information charging a prior conviction, and sections 1093 of the same code and procedure to be followed upon such an indictment or information when the trial of the defendant is begun.

In *People* v. *Coleman,* 145 Cal. 609 [79 Pac. 283], it is held that previous conviction is a question of fact, which must be both pleaded and proven, or, which is the same thing, pleaded in the information and admitted by the defendant. To the same effect is the case of *People* v. *King,* 64 Cal. 338 [30 Pac. 1028], *People* v. *Chadwick,* 4 Cal. App. 63 [87 Pac. 384, 389], and 16 C. J. 1342. A number of additional authorities might be cited but the necessity of such pleading is unquestioned in this state and the foregoing authorities set forth the rule prevailing in California. Section 644 of the Penal Code was added in 1923 (Stats. 1923, p. 237) and does not appear to have received interpretation by any court of appeal in this state. We think the same rule applies where it is sought to adjudge a defendant an habitual criminal as where additional punishment is sought to be inflicted by charging a prior conviction. In the case of *People* v. *Rosen,* 208 N. Y. 169 [101 N. E. 855], the court of appeals of the state of New York, in a case which was

brought to it from the supreme court holding that prior convictions need not be charged in the information in order to support a judgment adjudging a defendant guilty as an habitual criminal, under a statute similar to ours, reversed the supreme court as to this holding and modified the judgment of the trial court, by eliminating or striking therefrom that portion of the judgment adjudging the defendant guilty as an habitual criminal, and in so holding decided as follows: "Under the law providing that a person who, after conviction within this state of a felony, or an attempt to commit a felony, commits any crime within this state (stating the times of conviction necessary) shall be punishable therefor by an added penalty, the prior conviction is such an element of the second offense that, in order to support a sentence for the severe punishment, it must be charged in the indictment; and information thereof developed in the examination of the accused before sentence, . . . is not sufficient. We think that the reasoning of the court of appeals upon a similar statute is applicable here and that in order to sustain a judgment as an habitual criminal, it is necessary that the indictment or information charge the same and the defendant given an opportunity to plead thereto, or make defense to such charge. [3] We think also that the procedure followed by the court of appeals of the state of New York should be followed here, and it is therefore ordered that the judgment be modified by striking therefrom all that portion adjudging the defendant to be an habitual criminal, and, as so modified, the judgment stands affirmed.

Needham, **J.**, *pro tem.*, and Finch, P. J., concurred.