THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN MAHONEY, Appellant.*

Judgment of conviction and orders affirmed. Van Kirk, P. J., Hinman and Davis, JJ., concur; Hill, J., dissents, with an opinion, in which Whitmyer, J., concurs.

HILL, J. (dissenting). Defendant has been convicted of a robbery which occurred on Spring avenue in Troy "at a dark spot between Locust Avenue and Linden Avenue." Complainant was attacked by a robber who got upon his left-hand running board from another automobile, threatened him with a revolver, belabored him with a blackjack, and secured a small sum of money. Complainant drove a short distance to a gasoline filling station and called a policeman. The only description he gave the officer of his assailant was that he wore a light cap and a dark suit of clothes, with no overcoat, and was not a foreigner. While the policeman was interviewing the complainant at the gasoline station, defendant crossed the street near enough so that the kind of clothing he wore was observed. The officer testified he heard at the gasoline station that a fellow named Mahoney went around doing these jobs. The defendant was arrested upon this clue, and for no other reason except that his clothing matched the meagre description given. At the time of his arrest he was without weapons or money. The case of the People rests entirely upon the identification by the complainant. In the dim light where the robbery occurred, he had little opportunity to observe the physical characteristics of his assailant. The identification was not made while defendant was in a line with other men, but at the station house in a detention room alone. Nine men, none of them related, only one with a criminal record, testified to facts indicating that Mahoney was not at the scene of the attack. A motion for a new trial is made upon the ground of newly-discovered evidence, offered by a motorist who says he saw this robbery, and that a Hudson car was used by the criminal. The complainant had stated it was a Chevrolet, and defendant was connected with such a car in two ways. He owned one which was out of repair, but the one owned by his companion Franko was upon the street that night. The defendant has been convicted of a serious crime. He has no previous criminal record. The identification by the complainant is not convincing. It was not made when defendant was first observed by the officer. It is unreasonable that defendant, having committed this robbery, would aid in his own identification by staying where he could be seen by the complainant and the officer. The hearsay clue as to Mahoney's criminal proclivities testified to by the officer was objected to as not responsive. No ruling was made. Of course, it was illegal from any standpoint, and highly prejudicial. The People proved the details of complainant's identification of the defendant by two officers. The court referred to this evidence in his charge, the district attorney in his summation. There was no objection to it, but it was inadmissible and prejudicial. (*People* v. *Jung Hing*, 212 N. Y. 393, 401.) A defendant convicted on evidence as slight as in this case should have the benefit of section 527 of the Code of Criminal Procedure, and prejudicial errors should not be overlooked, even if objection was

---

* Affd., 249 N. Y. 595.

not made. (*People* v. *Ennis*, 176 N. Y. 289; *People* v. *Jordan*, 125 App. Div. 522.)  Whitmyer, J., concurs.