### BARR *v.* STATE OF INDIANA.

[No. 25,815. Filed October 27, 1933.]

*William J. Reed,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was charged by a grand jury indictment with assault and battery with intent to kill and with being an habitual criminal as provided by sections 2339, 2340, Burns R. S. 1926.

There was a trial by jury and a verdict of guilty of the crime of assault and battery with intent to kill as charged and a finding that the defendant had been convicted of a felony on two previous occasions, and imprisoned for the offenses committed. The court entered judgment on the verdict and sentenced the defendant to the state prison for the offense charged for a period of not less than one year and not more than ten years, and that he be imprisoned in the state prison for life as an habitual criminal.

The indictment, omitting the caption and the formal parts, charges

"that, Meade Barr, late of said county and state aforesaid, did then and there unlawfully and feloniously and in a rude, insolent and angry manner commit a violent injury on the person of one Elmer H. Shilling, he, the said Meade Barr, then and there having then present ability to commit said injury by then and there unlawfully, feloniously, purposely and with premeditated malice shoot said Elmer H. Shilling, with a certain shotgun, then and there loaded with gunpowder and leaden shot, which shotgun the said Meade Barr, then and there had and held in his hands, with intent then and thereby to unlawfully, feloniously, purposely and with pre-

meditated malice kill and murder said Elmer H. Shilling, contrary, etc.

"The Grand Jury, aforesaid, upon their oaths further present that heretofore to-wit:—on or about the twenty-ninth (29th) day of September A. D., One Thousand Nine Hundred Three (1903) said Meade Barr was charged in a certain criminal action in the Criminal Court of Marion County and State of Indiana in an action entitled: '*State of Indiana* v. *Meade Barr*,' with the commission of felony, namely, 'Manslaughter' and that said Meade Barr was upon said date and in said court convicted of manslaughter and sentenced and imprisoned in the Indiana Reformatory of the State of Indiana by the judgment of said Criminal Court of Marion County, Indiana, for said offense of manslaughter for a term of two (2) to twenty-one (21) years and that there was no appeal from the judgment of said Circuit Court of Marion County and that said judgment remained in full force and effect. The Indiana Reformatory of the State of Indiana being a penal institution for felonies; and that said Meade Barr convicted aforesaid in the Criminal Court of Marion County, Indiana, and Meade Barr the defendant herein, is one, identical and the same person.

"The Grand Jury upon their oath further present that heretofore to-wit:—on or about the eighteenth (18th) day of March A. D., Nineteen Hundred twenty-two (1922), said Meade Barr was charged in a certain criminal action in Bartholomew Circuit Court at Columbus, Bartholomew County of the State of Indiana in an action entitled: '*State of Indiana* v. *Meade Barr*,' with the commission of a felony, namely, 'Assault with Attempt to Kill,' and that said Meade Barr was upon said date and in said court convicted, sentenced and ordered imprisoned in the Indiana State Prison of the State of Indiana, being a penal institution for felonies, by said Bartholomew Circuit Court of Bartholomew County, Indiana, for said offense of assault with attempt to kill, for a term of not less than two (2) years or more than fourteen (14) years and that the judgment aforesaid of said Bartholomew Circuit Court was never appealed from and said judgment remains in full force and effect and that said

Meade Barr convicted aforesaid in said Bartholomew Circuit Court, Bartholomew County, Indiana, and Meade Barr, the defendant, herein is one, identical and the same person.

"The Grand Jury upon their oath further present that by reason of the premises as hereinbefore specifically set out, said Meade Barr, defendant herein, has been twice convicted, sentenced and imprisoned in the penal institutions of the State of Indiana as heretofore specifically enumerated for felonies by him committed, contrary, etc."

The court overruled appellant's motion to require appellee to separate the offense charged in the indictment from the offense charging former convictions, and also overruled appellant's motion to strike out that part of the indictment relating to the two former convictions. The correctness of the court's action on these two motions is challenged by appellant's first and second assignments of error.

Appellant contends that the court was in error by refusing to sustain his motion to separate the offense charged in the indictment from the offense charging conviction, for the reason the offense charged is separate and independent from the charge of former conviction and cannot be tried on the charge of former convictions until he has been convicted of the crime charged. It is appellant's view that the indictment charges two substantive offenses and being in one count his motions should have been sustained. Appellant is in error in his assumption that two substantive offenses are charged in the indictment. Only one crime is charged. Appellant was charged with the crime of assault and battery with intent to commit a felony as defined by §2417, Burns Ann. St. Supp. 1929, which reads as follows:

"Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall, upon conviction, be impris-

oned in the state prison not less than one year nor more than fourteen years, . . ."

The indictment in the instant case, in addition to charging the crime of assault and battery with intent to commit a felony, alleges that appellant was an habitual criminal, having been twice convicted, sentenced and imprisoned in the Indiana State Prison for a felony, setting out the dates, the court in which defendant was convicted and stating specifically the crime for which he had been convicted as provided by sections 2339 and 2340, which sections read as follows:

Section 2339,

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this state or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this state for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

Section 2340,

"To authorize a sentence of imprisonment for life under this act, the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each seperately. If the trial jury, in their verdict, find these facts to be true, and convict such defendant of the third felony, the trial court, after passing sentence of imprisonment for a specific term, as prescribed by the statute, shall proceed to sentence the defendant to imprisonment for his or her life."

It will be observed that by the express terms of §2340, the indictment or information must allege that the defendant had been previously convicted, sentenced and imprisoned in some penal institution for felonies

before he can be adjudged an habitual criminal. We think it well settled that such allegations are necessary facts to be alleged and proven at the trial. It was decided in the case of *People* v. *Wagner* (1926), 78 Cal. App. 503, 248 Pac. 946, that it was necessary to charge in the indictment or information that the defendant was an habitual criminal, in order to give the defendant an opportunity to plead thereto, or make defense to such a charge.

The Supreme Court of Florida in the case of *State ex rel. Lockmiller* v. *Mayo et al.* (1924), 88 Florida 96, 101 So. 228, had under consideration the question here presented, and in discussing the same, held that, whether the section intended to prescribe merely increased punishment for habitual offenders or create a new offense, a felony, for a violation of the act, the allegation of a prior conviction was a necessary element in the so called felony; that the prior conviction was an element to be proved; but, "It was not, however, an integral part of the crime charged in the sense that the defendant's guilt or innocence of the first violation of the act had to be inquired into and determined by the jury." The reasons for holding it necessary to allege in the indictment, the previous convictions and, etc., is well stated by the Texas Supreme Court in the case of *Long* v. *State* (1872), 36 Texas 6. That court said: "The prisoner is not tried over again for his first offense, but he has a right to know that the question of his having committed a first offense is to be presented to the jury, and if it be shown that he did commit a former offense, that his punishment will be increased thereby, so that he may rebut this fact in any manner the law points out to him. The question of identity certainly may be raised, and he has a right to show that he is not the person named in the former record. He might also show that the court had no jurisdiction to try the

case, or that the judgment of conviction had been set aside, a new trial granted him, and that he had been acquitted. How is he to make any of these defenses unless notified by the indictment of the intention of the State to hold him as guilty of a second or third offense? Lord Campbell, Ch. J., in an English case, observed: 'A statement of a previous conviction does not charge an offense. It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as a historical fact.' *Reg.* v. *Clark* (1853), Dears. C. C. 198, 201, 169 Eng. Reprint, 694." *Com.* v. *Harrington* (1880), 130 Mass. 35; *Walsh* v. *Com.* (1916), 224 Mass. 39, 112 N. E. 486; *People* v. *McDonald* (1925), 233 Mich. 98, 206 N. W. 516; *People* v. *Campbell* (1912), 173 Mich. 381, 139 N. W. 24; *People* v. *Wagner* (1926), 78 Cal. 503, 248 Pac. 946; *People* v. *Jordan* (1908), 125 App. Div. 522, 109 N. Y. Supp. 840; *People* v. *Rosen* (1913), 208 N. Y. 169, 101 N. E. 855; *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820. While the question here involved, as far as we are advised, has never been directly before this court, but the procedure in case where the punishment was by the terms of the statute enhanced upon a second or subsequent conviction was before this court in the case of *Evans* v. *State, supra,* and it was there held that when a statute imposes a greater punishment upon second or subsequent conviction of an offense, the former conviction must be alleged in the indictment and proved at the trial, or the same can only be punished as a first offense. We think the same rule should be applied as to the habitual criminal statute. *People* v. *Wagner, supra.*

England and some of the states in this country has provided procedure, such as is contended for by appel-

lant, but such procedure is not provided by our statutes. We think no error was committed by the trial court in overruling appellant's motion to separate, or to strike out.

Appellant's motion to quash the indictment was overruled and this action is challenged by appellant's third assignment of error. He contends in his brief that the indictment charges two offenses and is therefore bad for duplicity. What we have heretofore said on this question disposes of this contention adversely to appellant. The indictment did not charge two substantive offenses and was not bad on motion to quash for duplicity.

Appellant, by his fourth and fifth assignments of error, contends that the court erred in overruling his motion to modify the judgment, and in arrest. The reasons urged in support of these two assignments are the same as made in support of his first, second, and third assignments. They present the same questions, only in a different way.

Appellant's sixth assignment of error relates to the overruling of his motion for a new trial.

In appellant's motion to strike out that part of the indictment alleging prior convictions, he attempts to challenge the constitutionality of the habitual criminal statute, on the ground that it violates §23 of the Bill of Rights, §75, Burns R. S. 1926, and denies appellant equal protection of the law.

The constitutionality of similar statutes has been before the Supreme Court of the United States many times, and before the Supreme Court of many of the several states and it has been uniformly held that such statutes do not violate the constitutional guarantee of equal protection of the law. The statute was enacted with a view to the protection of society, believing that a hardened criminal needed severer punishment (in order

to protect society) than a first offender.  The statute makes a reasonable classification and applies equally on all persons within that class.  *McDonald* v. *Massachusetts* (1901), 180 U. S. 311, 45 L. Ed. 542, 21 S. Ct. Rep. 389; *Moore* v. *Missouri* (1895), 159 U. S. 673, 40 L. Ed. 301, 16 S. Ct. Rep. 179; *State* v. *Edelstein* (1927), 146 Wash. 221, 262 Pac. 622; *Com.* v. *Stack* (1910), 20 Pa. Dist. R. 599; *In Re Boggs* (1891), 45 Fed. 475.  We find no constitutional objections to these statutes.

At the trial of the case the state offered in evidence in proof of the allegations of prior convictions and imprisonment a certified copy of the court's record of the proceedings and trial of the defendant, including a copy of the indictment the names of the jurors, who tried the case, the verdict and judgment of the court and a certified copy of the record of the Indiana State prison of the admission of appellant upon the prior conviction.  This evidence was introduced over the objection of appellant and is assigned as one of his reasons for a new trial.  Such evidence was proper and the court did not err in admitting it.  Section 508, Burns Rev. St. 1926; *State* v. *Bullis* (1923), 196 Iowa 480, 192 N. W. 793; *State* v. *Schmidt* (1914), 92 Kan. 452, 140 Pac. 843; *Hall* v. *State* (1913), 121 Md. 577, 89 Atl. 111; *Patrick Maguire* v. *State of Maryland* (1878), 47 Md. 485.

The objection that such evidence might affect the prisoner's character has no force when such evidence relates to the issue to be tried (that is, the fact of prior convictions, and imprisonment and the identity of the defendant).  Such evidence may be prejudicial to a defendant as to the second or subsequent offense, and a case might occur of a conviction upon too slight evidence, through the influence which a previous conviction of a similar offense might exert upon the minds of the jury; but there is no legal presumption that such

a result will ever be produced. Therefore we find no error in the introduction of such evidence.

Appellant complains about the refusal of the court to give his tendered instruction No. 11, which reads as follows: "I instruct you that same evidence has been introduced in the trial of this case which may tend to show the mental condition of the defendant Meade Barr at the time and before he shot Elmer Shilling. It was intended to show whether or not the defendant at the time of the shooting of Elmer Shilling was competent to form an intent to kill. Such evidence being in the fact that the defendant used a deadly weapon in shooting the said Elmer Shilling is no longer prima facie evidence of intent to kill." Only a casual reading of this instruction is sufficient to determine the correctness of the court's refusal to read it to the jury. The last part of the instruction is only a collection of words. They say nothing and the instruction is meaningless, and could serve no purpose except to confuse and mislead the jury.

We have examined the instructions and find that the jury was fairly and fully instructed as to the law of the case, and the instructions as a whole was more favorable than he was entitled to. We find no error in the instructions. Other reasons for a new trial were assigned but appellant has waived them by not urging them in his brief.

Judgment affirmed.